IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| FN Manufacturing, LLC, | **Case No.**  3:10-931-CMC |
| Plaintiff, | |
| vs. | |
| | **COMPLAINT** |
| Richland County, Richland County Council, Richland County Business Service Center, and Richland County Business Service Center Appeals Board, | |
| Defendants. | |

Plaintiff, complaining of Defendants, respectfully alleges and would show the Court the following:

## I.  FACTS

### A.     As to Parties, Jurisdiction, and Venue

1.     Plaintiff FN Manufacturing, LLC ("FN") is a Delaware limited liability company with its principal place of business, and sole manufacturing facility, located in Richland County, South Carolina.  FN employs approximately 735 people living in and around Richland County.  It manufactures firearms for use by the U.S. military and police forces throughout the United States and abroad.  The vast majority of FN's revenue is derived from sales to United States military and police force customers outside of South Carolina.

2.     Defendant Richland County Council (the "Council") is the governing legislative body of Defendant Richland County (the "County"), a political entity organized and existing under the laws of South Carolina.

3.     Defendant Richland County Business Service Center (the "BSC") is a County entity organized by and existing pursuant to the Council and County Ordinance No. 069-07HR (the "Ordinance").

4.     Defendant Business Service Center Appeals Board (the "Appeals Board") is a component of the BSC responsible for hearing and ruling upon challenges to business license fee assessments.

5.     For reasons set forth herein, below, Plaintiff has exhausted its administrative remedies.

6.     This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331, as it involves questions of federal law under the Constitution of the United States, specifically violations of substantive and procedural due process and of the Interstate Commerce Clause (U.S. CONST. art. I, § 8, cl. 3).

7.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201-2202, as it requests a declaratory judgment interpreting the laws and Constitution of the United States.

8.     This Court has jurisdiction over state law claims that are substantially related to the federal claims brought in this action.

9.     Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) as the Defendants reside here, the Plaintiff's principal place of business is here, and a substantial part of the events giving rise to the claims occurred here.

10.    The Ordinance, as enacted and enforced, has deprived FN of a full hearing and judicial determination regarding FN's objections to the tax.  There is no plain, speedy, and efficient remedy to FN's constitutional challenges, and FN has been denied a meaningful opportunity to contest the assessed business license fees.

**B.    Background**

11.    Upon information and belief, for over twenty years, the County, by ordinance approved by the Council, has annually charged businesses located and doing business in the County a "business license fee."  This fee bears no apparent rational relationship to any services provided by the County to the businesses, nor does the applicable ordinance otherwise articulate such a relationship.  Instead, the fee merely serves as a business's mandatory annual payment to the County for the privilege of doing business in the County.

12.    The County calculates the amount of the business license fee based on a business's gross income for the preceding year.  Before July 24, 2007, for purposes of determining that portion of a business's income that would be subject to a business license fee, Richland County Ordinance 1626-87 expressly excluded income derived from "interstate commerce" from its definition of "gross income." County businesses engaging in interstate commerce paid to the county a business licensee fee calculated using only gross income derived from intrastate commerce.

13.    On July 24, 2007, the Council adopted Ordinance No. 069-07HR (the "Ordinance," attached as Exhibit 1) that purported to amend Richland County's business license fee provisions, effective for the 2008 fiscal year.  Without offering any other explanation of what was purportedly being amended in the Ordinance or why, the

recitals to the Ordinance merely stated that the section was being amended to render it "closer to business license ordinances statewide."

14.     The Council "remove[d] the interstate commerce exemption by amending the business license ordinance." (August 12, 2008 BSC Response to Appeal by FN, attached as Exhibit 2). The business license fee ordinance as amended, however, did not contain a rate structure or schedule necessary to calculate fully the business license fee.

15.     On October 16, 2007, the Council purported to approve a rate schedule. (See 2007 Business License Rate Schedule, attached as Exhibit 3). The "approval" of this rate schedule, however, did not comport with state law (S.C. Code § 4-9-120) requiring, among other things, that ordinances enacted by counties receive public notice, public hearings, and three readings by county councils.

16.     The Council subsequently approved a rate schedule, but not before FN Manufacturing received in the mail its 2008 business license fee assessment, which was calculated using the invalidly enacted rate schedule applied to FN's 2007 gross income.

17.     In 2007, FN had paid $254.90  for a business license fee. (See 2007 FN License Fee Payment Record, attached as Exhibit 4).  In 2008, under the new, improperly enacted rate schedule, FN Manufacturing's business license fee jumped to $128,865.78.  (See 2008 FN Renewal Application for Richland County Business License, attached as Exhibit 5). In other words, for FN, which in 2007 sold 99.77% of its products to United States military and police forces outside of South Carolina, the

Council's decision to fully tax interstate commerce resulted in an over 50,000% increase to its annual business license fee.

18.     As further alleged more fully below, FN timely paid the $128,865.78 business license fee under protest, appealing to the County, among other things, the constitutionality of the new Ordinance.  It has continued to pay the annual business license fees under protest.

19.     Thereafter, at the April 1, 2008 Council Meeting (*after* the County had assessed and collected the $128,865.78 fee from FN), a Council member moved that the County staff "conduct a thorough review and prepare a report on the financial impact" of the Ordinance," specifically "addressing how Interstate Commerce is factored into determination of the Business License fee," and, *inter alia,* its impact on Richland County businesses.

20.     Upon information and belief, the Council member's motion reflected: (1) on-going concerns among certain Council members that the recently adopted Ordinance would adversely impact County businesses and the County's ability to attract and retain businesses; (2) serious reservations among certain Council members regarding the Council's adoption of the Ordinance and its viability; and (3) concern by certain Council members that the Ordinance does not fairly apportion tax among other jurisdictions in which an affected business may be doing its interstate commerce.

21.     On May 27, 2008, at an in-chambers meeting of the Council's Administration and Finance Committee, the Richland County Business Service Center issued its Report (the "BSC Report") to address issues raised by the Council member's motion.  The BSC Report advised that there were only seven (7) other South Carolina

counties that have a business license fee requirement (of Richland County's neighboring counties, only Sumter County has a business license fee requirement).

22.     The BSC Report further found that there were 120 businesses in Richland County "doing interstate commerce." Of those 120 businesses, 111 (or 92%, and which includes FN) saw an increase in its business license fee "greater than 3%" as a result of the County's removal of the Interstate Commerce exemption. Such an increase, according to the County's own BSC Report, marked a "significant impact" on the affected businesses.

23.     The BSC Report further advised, *inter alia,* that the "impact" of the "Interstate Commerce exemption removal" on Richland County businesses could be "mitigated" if the County were to further amend the Ordinance to require

> **that businesses report only the gross revenue that was reported to the State of South Carolina for income tax purposes. By doing so, gross revenue that was reported and income-taxed by other states would not be considered in business license fee calculation's definition of 'gross revenue.' By doing so, gross revenue that was reported and income-taxed by other states would not be considered in business license fee calculations. This would have the effect or removing revenue generated in other states (i.e., interstate commerce) from business license calculations.**

24.     In other words, the County, through its own BSC Report, acknowledged that the Ordinance, as written and as applied to those Richland County businesses doing "interstate commerce" (including FN), ***did not*** properly or fairly apportion tax among Richland County and other jurisdictions.

25.     Thereafter, County Council in fact *again* amended the Ordinance (as promulgated on or about January 2009). However, in further amending the Ordinance,

the Council declined to adopt the Report's recommendations that, at the least, would have attempted to apportion tax to which a business's gross revenue might be subject.

26.     While the current version of the Ordinance allows for a "discount" of the business license fee, based on a declining rate schedule as applied to a business's "interstate commerce" revenue, the discount rates are arbitrarily set and applied. The discount cannot be and is not a mechanism for fair apportionment among other jurisdictions that tax, or may make subject to tax, FN's interstate commerce.

27.     In other words, the discount may "mitigate" the severity of the impact on Richland County businesses doing interstate commerce. (FN, for instance, paid under protest approximately $60,551.92 for renewal of its business license fee in 2009, and has been assessed a renewal fee of more than $64,000 due in March 2010. However, even when applying the "discount" beginning 2009, the County at no time made any effort to mitigate, by way of credit or reimbursement, the "undiscounted" fee paid by FN in March 2008.) Even in its current form, however, the Ordinance is no less a violation of the Interstate Commerce Clause. Indeed, the Ordinance's current definition of gross income and allowable deductions, alleged in further detail below, remain unchanged from the previous version of the Ordinance as amended in 2007. (For purposes of this suit, therefore, any reference herein below to the "Ordinance" and the claims set forth below include both the version as amended in 2007 and as again amended on or about 2008/2009.)

**C.     The Ordinance is Unconstitutional on Its Face**

28.     As the BSC publicly acknowledged at the July 29, 2008 Board hearing, the new Ordinance does not prevent the taxation of interstate commerce (which, by its very

7

definition, is commerce conducted in more than one state).  The Ordinance contains language purporting to exempt some commerce from Richland County's business license fee calculation; however, the Ordinance by its very terms, fails to provide for fair apportionment of the tax, to wit:

29.    In addressing the bases for calculating the business license fee, the Ordinance is silent with regard to interstate commerce.  It defines a business's "gross income," on which the business license fee is calculated, as the "total revenues of a business . . . excepting therefrom business done wholly outside of the county on which a license fee is paid to some other county or a municipality and fully reported to Richland County."

30.    The Ordinance further states that "[n]o deductions from gross income shall be made," except as limited to the following:

(a)    "income from business done wholly outside of the County jurisdiction on which a license fee is paid to another county or to any municipality";

(b)    "taxes collected for a governmental entity" ("such as sales taxes," as noted in the Ordinance); or

(c)    "income which cannot be taxed pursuant to State or Federal law."

31.    The 2008 Renewal Application (the "Application") for the Richland County business license, received by FN, sets forth the calculation for the business license fee to be paid on or before March 17, 2008, with lines for reporting both gross income and captured deductions therefrom.  (Exs. 4 and 6).   Reflecting the limited deductions set forth in the Ordinance, the Application allows for a "deduction" from a business's stated 2007 gross revenues of "[g]ross receipts fully taxed by another jurisdiction." However,

8

the Application, in keeping with the Ordinance, is silent on any deductions, *e.g.,* based on gross income or other revenue reported to and taxed by another jurisdiction.

32.    Indeed, as Richland County expressly states in the Application, a deduction  -- in any form, allocation, or amount – for "Interstate commerce" is **"NOT Allowed."** (Emphasis in original.)

33.    The Ordinance, therefore, as written amounts to a tax on interstate commerce that is not fairly apportioned – in fact, it is not apportioned at all.   The Ordinance reaches to the entirety of FN's interstate commerce activities.   It does not apportion for any other jurisdiction(s) that may subject to taxation all are part of FN's gross income generated from the same interstate commerce.

34.    To further illustrate the unconstitutionality of the Ordinance:  if during a particular fiscal year FN "did business," in part, in "County A" which has an identical Ordinance, and in the same year also "did business," in part, in "County B" (outside the State) -- which has no such Ordinance and does not otherwise require a business license fee or subject any portion of FN revenue to a "tax" -- **both** Richland County **and** County A can capture the entirety of gross income resulting from business in County B in that particular year.   In other words, the Ordinance fails to provide for fair apportionment among the jurisdictions.  This is precisely the kind of overreaching and interference with interstate commerce against which "fair apportionment" protects.[1]

---

[1] Even if certain business could conclusively be determined to have been conducted "wholly outside the county," there is no means to apportion or prioritize the right to fees from such a jurisdiction amongst any and all counties with the identical ordinance, all of whom would have the same claim to tax the revenue stream generated exclusively in the outside jurisdiction. The "exclusion" or "exception" is therefore illusory.

35.    Because the Ordinance as written fails to provide for fair apportionment, it impermissibly interferes with interstate commerce, violates the Commerce Clause, is unconstitutional on its face, and must be declared void.

**D.    The Ordinance is Unconstitutional as Written <u>and</u> as Applied to FN**

36.    The Ordinance allows for taxation of "income from business done **wholly outside** of the County jurisdiction [unless] a license fee is paid to another county or to any municipality."  FN's only manufacturing facility is in Richland County.  On every sale FN makes – whether to a customer in or outside of Richland County – on some level part of FN's performance is done at its manufacturing plant in Richland County.  In other words, none of FN's "business" is "done wholly outside of the county," even though virtually all of its sales are to end users located outside of the State.  Pursuant to the Ordinance, however, the County calculated FN's annual business license fees on the basis of all of its worldwide sales.

37.    <u>While allowing for the County's taxation of the entirety of FN's interstate sales, the Ordinance provides no meaningful protection against disproportionate and thereby unconstitutional taxation of FN's activities in interstate commerce</u>.

38.    Moreover, the Ordinance would operate to "handcuff" FN's income in the event it was to still in part "do business" in Richland County, but re-locate their plants to another County without such an Ordinance (or even to a County with a business license fee Ordinance that properly apportions for interstate commerce). The Ordinance captures, and keeps captive, such revenue, for as long as FN maintains <u>any</u> business presence in Richland County.

39.    Indeed, as the BSC appears to concede, the language of the Ordinance's interstate commerce "exemption" results in a tax on all of a Richland County business' interstate commerce revenue, without offering any safeguards against disproportionate taxation.  (See Ex. 2, at 5 (stating that, while the County "did historically exempt interstate commerce," from business license fees, it "exercised their [sic] right to remove this exemption by amending the business license ordinance on July 24, 2007")).

40.    The Richland County business license fee is therefore unconstitutional and invalid.

**E.    The Business License Fees Exacted Under the Ordinance Do Not Bear a Reasonable Relationship to Services Provided**

41.    A tax on interstate commerce must bear a reasonable relationship to the services provided by the taxing entity/authority in return.  Nowhere in the Ordinance or other public record does the County make any showing that the business license fee bears a reasonable relationship to services provided back to the affected businesses by the County.

42.    The County arbitrarily values the "privilege" of doing business in its borders.  As noted, it subjects a business to the same arbitrary calculation based on the entirety of its income derived from interstate commerce, *regardless* of the size, proportion, or degree of its business presence in the County.

**F.    The Ordinance Fails for Want of Procedural Due Process**

43.    Plaintiff timely paid in full the business license fees assessed in 2008, and thereafter protested by way of timely appeal, following the appeals process contained in the 2007 Ordinance.  FN lodged an appeal of the tax with the BSC Appeals Board, which heard the matter on August 28, 2008.  FN challenged its 2008 business license

fee, asserting that: (1) The County's taxation of interstate commerce was not fairly apportioned and unduly burdened interstate commerce; (2) the Ordinance and related rate schedule were not properly enacted; (3) and the Ordinance violated public policy and created a disincentive for businesses.

44.     The BSC responded in opposition to both FN's appeal, arguing (without proffering any supporting authority) in relevant part that certain constitutional issues were beyond the authority of the Appeals Board to hear.  (See Ex. 2, at 4).

45.     The Appeals Board issued a summary order, dated September 25, 2008, as to FN's Appeal stating that the "Reasons for appeal [are] outside the scope of the Appeals Board." (See BSC Appeals Board Order for FN, attached as Exhibit 6).

46.     FN then appealed (FN on October 2, 2008, and McEntire on October 21, 2008) to the Richland County Council, which summarily affirmed the decision of the BSC Appeals Board, with a written decision to follow.

47.     At a public Council meeting held on December 30, 2008, FN and others strongly urged the Council to revisit its position with regard to its massive increases in business license fees resulting from the new policy to fully tax interstate commerce.

48.     Council members at that hearing responded with public statements of concern (and, in certain instances, regret) for the Council's approval of the Amended Ordinance that took effect with the payments of business license fees to the County due March 2008.  In response, for fees that would come due in March 2009, Council approved a one time 20% reduction to the fee and further announced its support for amendment to the business license fee Ordinance so as to allow for certain deductions based on out-of-state sales.

49.     The appeals process required written opinion, but, despite repeated assurances from County staff that a "written opinion" was forthcoming, the only "written opinion" the County issued was the minutes from a December 8, 2008 Council meeting served on FN by an attorney for the Council on April 14, 2009.  (See April 14, 2009 letter and attached minutes, attached as Exhibit 7).  The County never issued a final written opinion from which FN could appeal.

50.     On April 24, 2009, FN nevertheless noticed its appeal from the minutes of the Richland County Council to the Richland County Court and Administrative Law Court.  By Consent Order dated May 27, 2009, the appeal to the Richland County Court was held in abeyance for purposes of the preparation and filing of this action; and, in light of same, the appeal to Administrative Law Court was subsequently dismissed without prejudice by Order dated June 19, 2009, with leave to re-file the appeal without filing fee for one year from date of the Order.

51.     FN requests that the appeals, if found to be appropriate for consolidation with this action, be consolidated for full and final resolution of this matter.

52.     The Ordinance, as written and as applied, fails to provide for fair apportionment, impermissibly interferes with interstate commerce, violates the Commerce Clause, is unconstitutional on its face, and must be declared void.

53.     Further, the County has created an appeals process as meaningless as its illusory interstate commerce "exemption."  The appeals process crafted by the Council prevents constitutional challenges, thus wholly preventing aggrieved businesses such as FN from challenging the constitutionality of the license fee assessed on its worldwide revenues.

## II. CLAIMS

### For a First Cause of Action
### (Declaratory Judgment—Absence of Procedural Due Process as to
### Improper Adoption and Enactment of July 2007 Ordinance
### and Subsequent Rate Schedule)

54.     Plaintiff incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

55.     When enacted on July 24, 2007, the Ordinance did not include a rate schedule, and so it was impossible to determine the effect application of the new ordinance would have on interstate commerce.

56.     Not until an October 16, 2007 vote by Council was the necessary rate schedule approved.

57.     No notice of a public hearing was published and, indeed, no public hearing was conducted prior to approval of the rate schedule, which was afforded only a single reading, all in violation of S.C. Code Ann. §§ 4-9-120 and 4-9-130.

58.     A controversy therefore exists between FN and Defendants with respect to Richland County Council's enactment of the July 2007 Ordinance and subsequent enactment of the necessary rate schedule. FN contends that it is entitled to a declaration, pursuant to FRCP 57 and 28 U.S.C. §§ 2201 and 2202, that the enactment of the Ordinance and rate schedule violates state law as well as well-established state and federal procedural due process safeguards.

### For a Second Cause of Action
### (Declaratory Judgment—Scope of Appeals Process Afforded by Business
### License Fee and Defendants Violates Procedural Due Process)

59.    Plaintiff incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

60.    Section 16-19 of the Business License Fee Ordinance provides for an appeal of the Business License Fee to Defendant Appeals Board.

61.    On its face, Section 16-19 does not limit the Board from hearing "constitutional" bases for appeal.

62.    Nevertheless, the Board has taken the position that, while it is within its scope of authority to hear constitutional challenges, it is beyond its scope of authority to grant an appellant any relief on such constitutional challenges.

63.    Moreover, as evinced by FN's appeal to the Board, upon a finding that some issues on appeal are beyond its authority to address, the Board declines to address any remaining, non-constitutional issues on appeal.

64.    Though the Ordinance purports to allow for an appeal from the Board to Defendant Richland County Council, in practice, the Council does not address on appeal from the Board any issues that the Board (1) did not address or (2) found were beyond the scope of its authority.

65.    The Council also refused to provide a final written decision on the appeal, so as to allow FN to effectively appeal to Circuit Court.

66.    As a result, the appellate process for contesting a business license fee has created a system by which there is no meaningful hearing on the merits of an appeal before either the Board or the Richland County Council, in violation of well-settled procedural due process standards.

67.    A controversy therefore exists between FN and Defendants with respect to the promulgation and application of those provisions in the Ordinance that address FN's appellate process for challenging the Ordinance. FN contends that it is entitled to a declaration, pursuant to FRCP 57 and 28 U.S.C. §§ 2201 and 2202, that the appeals process that requires a business to appeal to a body without jurisdiction to provide appropriate relief violates state and federal due process and constitutional provisions.

### For a Third Cause of Action
### (Declaratory Judgment – Rate Increase in Violation of Substantive Due Process)

68.    Plaintiff incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

69.    The 50,000% rate increase in FN's business license fee (and significant increases in subsequent fees relative to what FN paid prior to 2008) does not bear any rational relationship to any services provided by the County to the businesses, nor does the applicable ordinance otherwise articulate such a relationship.

70.    Moreover, there has been no material change – from pre- to post-increase in fee as a result of the improperly enacted Ordinance -- in services provided, protections, benefits, or other basis provided for the County's fee determination.

71.    As such, the gross disparity in taxation rate, pre- and post-increase, is unreasonable and unlawful as a violation of substantive due process.

72.    A controversy therefore exists between FN and Defendants with respect to the constitutionality and validity of the Ordinance, in that FN contends that it is entitled to a declaration, pursuant to FRCP 57 and 28 U.S.C. §§ 2201 and 2202, that the Richland County Business License Fee Ordinance imposes an illicit tax on interstate commerce that is in violation of state and federal substantive due process.

16

**For a Fourth Cause of Action**
**Declaratory Judgment—Violation of Interstate Commerce Clause**

73.     Plaintiff incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

74.     Pursuant to the Ordinance passed by Defendant Council, interstate commerce, which was previously wholly exempted from the County's business license fees, became subject to full taxation notwithstanding a constitutional requirement that state taxation of interstate commerce be fairly apportioned.

75.     Pursuant to said Ordinance, the County in fact subjected FN to an impermissible calculation of and collected from FN an unconstitutional business license fee.

76.     Further, because a component of FN's interstate commerce occurs in Richland County, the Ordinance allows for all of FN's sales to be fully taxed, with no adequate offset for any other business license fees or other taxes that are or may be assessed by other jurisdictions.   The tax on interstate commerce thus is not fairly apportioned – in fact, it is not apportioned at all – and it is, therefore, unconstitutional.

77.     A controversy therefore exists between FN and Defendants with respect to the promulgation and application of the Ordinance, the constitutionality and validity of the Ordinance, and FN's entitlement to seek reimbursement from the County for its payment of an unapportioned and unconstitutional "privilege tax" under the  Ordinance. FN contends that it is entitled to a declaration, pursuant to FRCP 57 and 28 U.S.C. §§ 2201 and 2202, that: (a) the Richland County Business License Fee Ordinance imposes an illicit tax on interstate commerce that is neither fairly apportioned nor fairly related to

the services provided by Defendants; (b) is promulgated and applied in violation of the Interstate Commerce Clause (U.S. CONST. art. I, § 8, cl. 3); and (c) is invalid and void.

**For a Fifth Cause of Action**
**Inclusion of Interstate and International Sales in the Business License Tax Base**
**in Violation of Substantive Due Process**

78. Plaintiff incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

79. The County, without providing any adequate mechanism of apportionment, seeks to tax <u>all</u> of FN's gross income – even business that is wholly outside and bears no relationship to Richland County – and, as such, violates Substantive Process Clause.

80. A controversy therefore exists between FN and Defendants with respect to the constitutionality and validity of the Ordinance, in that FN contends that it is entitled to a declaration, pursuant to FRCP 57 and 28 U.S.C. §§ 2201 and 2202, that the Richland County Business License Fee Ordinance imposes an illicit tax on all of FN's gross income – even business that is wholly outside and bears no relationship to Richland County – and is therefore in violation of state and federal substantive due process.

**For a Sixth Cause of Action**
**(Unjust Enrichment)**

81. Plaintiff incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

82. As a result of Defendants' unconstitutional taxation of interstate and international commerce and illusory appeals process, FN's activities in interstate

commerce have been unconstitutionally burdened and Defendant Richland County has been correspondingly unjustly enriched.

83.     FN Manufacturing seeks disgorgement of Defendant Richland County's illicit taxation and restitution in an amount to be determined by this Court.

## For a Seventh Cause of Action
## (Permanent Injunction)

84.     Plaintiff incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

85.     FN has had no meaningful hearing on its objections to its fee, and it has been deprived of a plain, speedy, and efficient remedy by the text and application of the Ordinance.

86.     FN seeks an order permanently enjoining Defendants from unlawfully taking interstate and international commerce in a manner that is neither fairly apportioned nor fairly related to the services provided by defendants.

## III.  PRAYER FOR RELIEF

Based upon the foregoing, FN Manufacturing seeks judgment and relief against defendants as follows:

(a)     A declaration that the Ordinance was not properly adopted, in violation of state law;

(b)     A declaration that the Business License Fee imposes an illicit tax on interstate commerce that is neither fairly apportioned nor reasonably related to the services provided by defendants;

(c)      A declaration that the appeals process that requires a business to appeal to a body without jurisdiction to provide appropriate relief violates well-established procedural due process safeguards;

(d)      A declaration that the Ordinance violates Substantive Due Process;

(e)      A declaration that the Business License Fee imposed on FN violates Substantive Due Process;

(f)      A declaration that the Ordinance, on its face, is in violation of the Interstate Commerce Clause;

(g)      A declaration that the Ordinance, as applied to FN, is in violation of the Interstate Commerce Clause;

(h)      Damages in the amount of illicit business license renewal fees paid by FN, beginning in 2008 through 2010, and continuing thereafter for any additional business license fees paid during the pendency of this action;

(i)      A permanent injunction enjoining defendants continuing their unconstitutional taxation and illusory appeals processes;

(j)      Reasonable attorneys' fees; and

(k)      For any other such relief as the Court may deem appropriate.

s/ Travis C. Wheeler
Burnet R. Maybank, III (SC Bar No. 3699)
Dennis J. Lynch (SC Bar No. 68548)
Travis C. Wheeler (SC Bar No. 70124)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Columbia, SC  29201
803.430.2117
Attorneys for FN Manufacturing, LLC

April 14, 2010
Columbia, South Carolina